WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Imran Ahmad Jamali,<br><br>           Plaintiff,<br><br>v.<br><br>Stephanie Danica Low, a Maricopa County Employee; et al.,<br><br>           Defendants. | No. CV-13-01054-PHX-GMS<br><br>**ORDER** |

Pending before the Court are Motions to Dismiss from the following Defendants: Thomas E. McCauley, Jr., and the State Bar of Arizona (Doc. 13), the State of Arizona (Doc. 16), David Cavazos and the City of Phoenix (Doc. 25), Maricopa County (Doc. 29), and the Federal Defendants (Doc. 56). Also pending are Plaintiff's Motion to Strike Defendant Maricopa County's Motion to Dismiss and Warn Regarding Sanctions (Doc. 31), Plaintiff's Motion to Strike the City of Chandler's Answer to the Complaint and Defendants McCauley and the State Bar of Arizona's Motion to Dismiss (Doc. 32), Plaintiff's Motion to Hold an Authentication Hearing and Request for Production from Defendant Maricopa County (Doc. 60), Plaintiff's Motion to Strike the Federal Defendants' Motion to Dismiss for Failure to Comply with Judge's Order (Doc. 71), and Plaintiff's Motion for a Default Judgment against Defendant Marc Adair (Doc. 88). For the reasons set forth below, the Court will grant Defendants' Motions and dismiss Plaintiff's Motions.

**BACKGROUND**

This case arises from an alleged conspiracy between the Federal Bureau of Investigation (FBI), the Department of State, the United States Armed Forces Reserve Officers' Training Corp (ROTC), the State of Arizona, the cities of Chandler and Phoenix, Arizona, the State Bar of Arizona, Maricopa County, employees of those entities, and other individuals. Plaintiff alleges that the FBI declared him to be a terrorist suspect because of his religious beliefs and his past meetings with an alleged terrorist organization. Plaintiff asserts that he spoke with FBI agents and that the agents decided that they did not want him to continue to work as an airline pilot. (Doc. 1 ¶ 111.) To achieve this end, Plaintiff alleges that Defendants conspired to have him arrested for stalking a teenager, herself working as part of the conspiracy, and to deny him process throughout his criminal case. (Doc. 1 ¶¶ 156–57.) He asserts that the FBI eventually determined that he was not a terrorist, but remained committed to preventing him from working as an airline pilot because of his religious beliefs. (Doc. 1 ¶ 154.) During the course of his criminal case, Plaintiff alleges that he was subjected to warrantless arrests (Doc. 1 ¶¶ 133, 139), warrantless searches of his home (*Id.*), and other violations. Plaintiff states that all criminal charges against him were eventually dismissed, except for charges related to his failure to provide law enforcement with his name. (Doc. 1 ¶¶ 142–43.) As a result of this conspiracy and the ensuing criminal prosecution, Plaintiff alleges that he eventually lost his job as an airline pilot. (Doc. 1 at ¶¶ 156, 158–59.)

Plaintiff has filed multiple federal lawsuits related to these claims.[1] In April 2012, Plaintiff filed a federal suit against the FBI, Department of Homeland Security, and other federal defendants alleging the conspiracy described above. First Amended Complaint, *Jamali v. FBI, et. al.*, No. 12-CV-752-SRB (D. Ariz. April 24, 2012), Doc. 8. In his first

---

[1] In addition to his civil rights suits, Plaintiff also filed an unsuccessful Petition for writ of habeas corpus related to this matter in February 2012. Petition, *Jamali v. Gottsfield et. al.*, 12-CV-280-ROS-SPL (D. Ariz. Feb. 10, 2012), Doc. 1. Plaintiff also attempted to remove the prosecution of his state charges, also arising from the same alleged conspiracy, to federal court. Notice of Removal, *State of Arizona v. Jamali*, 12-CR-458-FJM (D. Ariz. March 2, 2012), Doc. 1. On March 16, 2012, Judge Martone remanded the case to Superior Court. Order, *State of Arizona v. Jamali*, 12-CR-458-FJM (D. Ariz. March 16, 2012), Doc. 3.

action, Plaintiff brought a variety of constitutional claims under Section 1983, Title VI of the Civil Rights Act of 1964, and assorted state law claims. (*Id.*) On November 7, 2012, Judge Bolton granted Defendants' Motion to Dismiss Plaintiff's Amended Complaint on the grounds that Plaintiff had failed to establish personal or subject matter jurisdiction. Order, *Jamali v. FBI, et. al.*, No. 12-CV-752-SRB (D. Ariz. Nov. 7, 2012), Doc. 37.

A month later, in December 2012, Plaintiff filed another federal suit, arising out of the same alleged conspiracy, against a variety of state, county, and municipal defendants. Complaint, *Jamali v. Hyatt, et. al.*, No. 12-CV-2702-FJM (D. Ariz. Dec. 12, 2012), Doc. 1. Plaintiff alleged ninety-five causes of action that included claims under state statutes, the Arizona Constitution, federal statutes, and the federal constitution. (*Id.*) On January 9, 2013, Judge Martone denied Plaintiff's Motion for Leave to Proceed in forma pauperis and dismissed the action as frivolous. Order, *Jamali v. Hyatt, et. al.*, No. 12-CV-2702-FJM (D. Ariz. Jan. 9, 2013), Doc. 8.

Two months later, in March 2013, Plaintiff filed yet another federal suit apparently arising from the same alleged conspiracy, this time brought against Maricopa County and a number of defendants who Plaintiff alleged improperly published Plaintiff's name and image on the internet following his allegedly unlawful arrest. Complaint, *Jamali v. Maricopa County, et. al.*, 13-CV-613-DGC (D. Ariz. March 26, 2013), Doc. 1. Judge Campbell dismissed Plaintiff's Amended Complaint for lack of subject matter jurisdiction on October 21, 2013. Order, *Jamali v. Maricopa County, et. al.*, 13-CV-613-DGC (D. Ariz. Oct. 21, 2013), Doc. 130.

Plaintiff filed the instant federal suit on May 23, 2013, against federal, state, county, municipal, and individual defendants. (Doc. 1.) Plaintiff seeks relief under a variety of legal theories, including constitutional, state law and federal law claims. These claims include: (1) civil conspiracy; (2) an alleged Ninth Amendment right to privacy and the freedom from intrusion; (3) forgery; (4) procedural due process, including kidnapping, false imprisonment, a variety of fraud claims, unlawful arrest, and unlawful warrant; (5) substantive due process, including claims arising from Plaintiff's alleged

1 placement in solitary confinement, a psychiatric ward, and his denial of hygiene while in
2 custody; (6) the First Amendment right to free speech; (7) false swearing; (8) abuse of
3 process; (9) deceit or fraud by means of factual misrepresentation; (10) an alleged
4 violation of the Sixth Amendment arising from the appointment of an attorney in
5 Plaintiff's criminal case; (11) the Seventh Amendment right to a jury trial; (12) the
6 Eighth Amendment right to be free from cruel and unusual punishment; (13) battery; (14)
7 municipal liability; (15) false imprisonment; (16) malicious prosecution; (17) intentional
8 infliction of emotional distress; (18) supervisory liability; (19) influencing jurors and
9 bribery; (20) defamation; (21) trespassing; (22) false pretenses; (23) unlawful use of a
10 social security number under public servant statutes; (24) negligent hiring, supervision or
11 retention; (25) malfeasance; (26) negligence; (27) willful misconduct; (28) judicial
12 misconduct; (29) failure to intervene; (30) breach of duty; and (31) an alleged Ninth
13 Amendment right to work. Plaintiff seeks compensatory and punitive damages.

Defendants Thomas E. McCauley, Jr., the State Bar of Arizona, the State of Arizona, David Cavazos, the City of Phoenix, Maricopa County, and the Federal Defendants move to dismiss the suit.

**ANALYSIS**

**I.     Legal Standard**

Rule 12(b)(6) is designed to "test the legal sufficiency of a claim." *Navarro v. Block,* 250 F.3d 729, 732 (9th Cir. 2001). To survive dismissal for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6), a complaint must contain more than "labels and conclusions" or a "formulaic recitation of the elements of a cause of action"; it must contain factual allegations sufficient to "raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While "a complaint need not contain detailed factual allegations . . . it must plead 'enough facts to state a claim to relief that is plausible on its face.'" *Clemens v. DaimlerChrysler Corp.*, 534 F.3d 1017, 1022 (9th Cir. 2008) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw

the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Igbal,* 556 U.S. 662, 678 (2009) (citing *Twombly,* 550 U.S. at 556). Plausibility requires "more than a sheer possibility that a defendant has acted unlawfully." *Twombly*, 550 U.S. at 555. Accordingly, a plaintiff must do more than employ "labels," "conclusions," or a "formulaic recitation of the elements of a cause of action." *Id.*

When analyzing a complaint for failure to state a claim under Rule 12(b)(6), "[a]ll allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party." *Smith v. Jackson*, 84 F.3d 1213, 1217 (9th Cir. 1996). However, legal conclusions couched as factual allegations are not given a presumption of truthfulness, and "conclusory allegations of law and unwarranted inferences are not sufficient to defeat a motion to dismiss." *Pareto v. FDIC*, 139 F.3d 696, 699 (9th Cir. 1998).

## II. Federal Claims

### A. Thomas E. McCauley, Jr., and the State Bar of Arizona

Defendants Thomas E. McCauley, Jr., and the State Bar of Arizona move to dismiss on the grounds that Plaintiff has failed to assert any cognizable claims against them. Plaintiff does not mention Defendant McCauley in the general allegations in his Complaint or name him in any cause of action. (Doc. 1.) As such, the Court is unable to recognize any claims asserted against this Defendant.

Plaintiff seems to allege that the State Bar of Arizona was generally involved in the alleged conspiracy, but he makes no factual allegations to suggest that the State Bar had any actual involvement in the conduct that Plaintiff asserts to support any of his federal claims. Plaintiff claims in his Response (Doc. 74) that the State Bar is responsible for acts of other Defendants who happen to be members of the State Bar, but he cites no authority for that proposition. As such, Plaintiff fails to bring any cognizable federal claims against either Thomas E. McCauley, Jr., or against the State Bar of Arizona.

### B. State of Arizona

1    The State of Arizona moves to dismiss the claims against them because the State possesses sovereign immunity pursuant to the Eleventh Amendment of the United States Constitution. (Doc. 16.) The Eleventh Amendment, as interpreted by the Supreme Court in *Hans v. Louisiana*, 134 U.S. 1, 10–11 (1890), bars suits by a citizen of a State against that State or against a foreign State. A State may consent to jurisdiction is such a case, but the State of Arizona has not done so here. As such, Plaintiff's claims against the State are precluded.

### C.    David Cavazos and the City of Phoenix

Defendant David Cavazos, the former City Manager of the City of Phoenix, and the City of Phoenix also move to dismiss for failure to state a claim. (Doc. 25.) Plaintiff asserts a variety of constitutional claims, and presumably intends to bring those claims under 42 U.S.C. § 1983. Plaintiff makes no allegations in his Complaint that David Cavazos had any involvement with or knowledge of the alleged conspiracy. As such, Plaintiff fails to assert any plausible claim against Defendant Cavazos. Further, there is no *respondeat superior* liability under § 1983, and thus Cavazos cannot be held liable merely because he served as the City Manager during the course of the alleged events. *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691–92 (1978).

In order to state a valid § 1983 claim against the City of Phoenix, Plaintiff must establish municipal liability. To do so, Plaintiff must show that: "(1) that he possessed a constitutional right of which he was deprived; (2) that the municipality had a policy; (3) that this policy 'amounts to deliberate indifference' to the plaintiff's constitutional right; and (4) that the policy is the 'moving force behind the constitutional violation.'" *Oviatt v. Pearce*, 954 F.2d 1470, 1474 (9th Cir. 1992) (quoting *City of Canton v. Harris*, 489 U.S. 378, 389–91 (1989)). A policy is the result of a "deliberate choice to follow a course of action . . . made from among various alternatives by the official or officials responsible for establishing final policy with respect to the subject matter in question." *Id.* at 1477 (quoting *Pembaur v. City of Cincinnati*, 475 U.S. 469, 481 (1986)).

Here, accepting all of Plaintiff's factual assertions, Plaintiff fails to assert facts that

demonstrate that the City of Phoenix had any such policy. Plaintiff alleges that the Phoenix Police Department Homeland Security Unit performed a warrantless search of his home in January 2012 and unlawfully arrested him during that search. (Doc. 1 ¶ 133.) Plaintiff also asserts that "[t]he policies, customs, decisions and practices of the Defendants named in this cause have created a culture where people's rights are violated on a routine basis" and that "[a]s a matter of policy and practice, the Defendants mentioned in this cause, directly encourage, and are thereby the moving force behind, the very type of misconduct mentioned in this suit." (Doc. 1 ¶¶ 372, 375.) However, apart from alleging a particular instance of conduct and generally alleging that this conduct was the result of some policy even the general content of which is not otherwise described, Plaintiff alleges no facts that suggest what this policy might be or that this policy exists. Plaintiff's conclusory allegations regarding the existence of such a policy are insufficient to establish municipal liability. He fails to assert any cognizable federal claims against either David Cavazos or the City of Phoenix.

### D.  Maricopa County

Defendant Maricopa County moves to dismiss on the grounds that Plaintiff fails to allege a policy that would subject the County to municipal liability under § 1983. (Doc. 29.) As above, Plaintiff seems to allege particular incidents of conduct that he attributes to the County, such as the second alleged warrantless search of Plaintiff's home in July 2012 and subsequent alleged unlawful arrest. (Doc. 1 ¶ 139.) However, as above, Plaintiff fails to do more than assert the conclusion that this incident was part of a County policy. Plaintiff therefore fails to assert any cognizable federal claims against Maricopa County.

### E.  Federal Defendants

The Federal Defendants move to dismiss on a number of grounds. (Doc. 56.)

First, Plaintiff names three federal agencies as Defendants in this matter. Sovereign immunity bars such actions against Federal agencies, absent a waiver of sovereign immunity that authorizes a suit against the agency in its own name. *Gerritsen v. Consulado General De Mexico*, 989 F.2d 340, 342 (9th Cir. 1993) (affirming the

district court's finding that it lacked subject matter jurisdiction over the suit against a federal agency absent express statutory authorization). Here, Plaintiff fails to allege any such waiver. As such, the Court lacks subject matter jurisdiction over Plaintiff's claims against these agencies.

Second, to the extent any of Plaintiff's claims against the Federal Defendants fall within the scope of the waiver of sovereign immunity in the Federal Tort Claims Act (FTCA), Plaintiff fails to meet the administrative exhaustion requirement of that statute. Plaintiff alleges a number of common law tort claims. The FTCA provides the exclusive remedy for such claims against a federal employee acting within the scope of their office or employment. 28 U.S.C. §§ 1346(b)(1), 2671–2680. The FTCA excludes a variety of claims, including those arising out of libel, slander, and misrepresentation. *Id.* The only proper defendant in an FTCA suit is the United States, *id.*, which has been substituted for the individual federal defendants in this action. (Doc. 48.)

The FTCA requires that a Plaintiff bringing a FTCA suit has "first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing." 28 U.S.C. § 2675. However, "[t]he failure of an agency to make final disposition of a claim within six months after it is filed shall… be deemed a final denial of the claim for purposes of this section." *Id.* Here, Plaintiff alleges claims against the FBI, Department of State, Department of Defense, and employees of those entities. To the extent Plaintiff has asserted any common law tort claims falling within the scope of the FTCA against these Defendants, Plaintiff has failed to demonstrate that he has exhausted his administrative remedies with the relevant agency. Plaintiff filed an administrative claim regarding the alleged conspiracy with the FBI on November 30, 2012. (Doc. 56, Ex. D.) However, Plaintiff filed the present action on May 23, 2013, before six months had expired without resolution of his administrative complaint. (*Id.*) As such, the Court lacks subject matter jurisdiction over any applicable tort claims against the FBI.

Plaintiff failed to file an administrative claim with the Department of State (Doc.

56, Ex. C) or with the Department of Defense (Doc. 56, Ex. E.) Thus, the Court also lacks subject matter jurisdiction over any applicable tort claims against those Defendants.

Plaintiff therefore fails to assert any cognizable federal claims against any of the Federal Defendants.

## CONCLUSION

Plaintiff fails to establish any cognizable federal claims against these Defendants. The Court declines to exercise supplemental jurisdiction over any remaining state law claims in this matter as they related to these Defendants. Therefore,

**IT IS ORDERED** that Defendants' Motions to Dismiss are **granted** (Docs. 13, 16, 25, 29, 56)

**IT IS FURTHER ORDERED** that Plaintiff's Motions are **denied** (Docs. 31, 32, 60, 71, 88).

The only remaining Defendants in this action are: City of Chandler, Rich Dlugas, Michael Shippitka, Brian Lutt, William Walker, James Station, Joel Lahaie, Tu Le; Randle Meeker, Scott Yarbrough, (the "Chandler Defendants").  By separate Order, the Court will set a Scheduling Conference in this matter.

Dated this 30th day of October, 2013.

*A. Murray Snow*
G. Murray Snow
United States District Judge