1
2
3
4
5
6
7
8

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Imran Ahmad Jamali, | No. CV-13-01054-PHX-GMS |
| Plaintiff, | **REPORT AND RECOMMENDATION** |
| v. | |
| Stephanie Danica Low, et al., | |
| Defendants. | |

TO THE HONORABLE G. MURRAY SNOW, UNITED STATES DISTRICT JUDGE:

On October 15, 2014, Plaintiff Imran Ahmad Jamali filed a Motion for a Judgment Debtor Exam and requested the Court Order Defendant Marc Adair to produce certain documents. (Doc. 164.)  On November 13, 2014, Judge Snow referred Jamali's Motion to this Court for any necessary proceedings and a ruling. (Doc. 175.)  Now pending before the Court are Jamali's (1) Motion to Order a Property Seizure to Satisfy a Default Judgment (Doc. 206), (2) Motion to Add Collection Expenses to Default Judgment Against Adair (Doc. 235), and (3) Motion to Order Judgment/Debtor to Turnover Property to the Plaintiff/Creditor (Doc. 236).[1]

For the reasons below, this Court recommends that Jamali's Motions relating to

---

[1] Jamali raised similar requests during the June 18, 2015 hearing held by Judge Boyle. (Doc. 234.)  Judge Boyle instructed Jamali to file written motions encompassing his requests, and the Court would rule on them.  Accordingly, Judge Boyle issues this Report and Recommendation on Jamali's pending Motions.

Adair's property be granted and the Court order Jamali to file a proposed writ of execution for the Clerk of Court's signature.  This Court further recommends that Jamali's Motion for attorneys' fees be denied.

## I.   Background

On December 10, 2014, Magistrate Judge John Z. Boyle ordered Adair to appear before him on January 13, 2015 for a judgment debtor exam.  (Doc. 178.)  Judge Boyle further ordered Adair to produce, prior to the January 13, 2015 judgment debtor exam, original or copies of the documents requested by Jamali. On January 13, 2015, Judge Boyle reset the judgment debtor exam to February 25, 2015, and required Adair to produce the requested documents prior to the rescheduled exam.  (Doc. 189.)

On February 25, 2015, Jamali and Adair appeared in front of Judge Boyle for the judgment debtor exam.  (Doc. 196.)  Adair affirmed to the Court that he had received the Court's Order at Doc. 189. Jamali then conducted a judgment debtor exam, but Adair failed to produce any of the documents required by the Court's previous Order.

On March 20, 2015, Jamali filed a Motion to Continue the Judgment Debtor Exam based, in part, on Adair's failure to produce any of the documents required by the Court's Order. (Doc. 198.) Adair did not object or otherwise respond to Jamali's Motion. On April 8, 2015, the Court granted Jamali's request and set a continued judgment debtor exam for May 11, 2015. (Doc. 201.) The Court again ordered Adair to produce certain documents prior to the continued judgment debtor exam.

On April 13, 2015, Jamali filed a Motion to Order a Property Seizure to Satisfy a Default Judgment, in which Jamali requests the Court order the U.S. Marshals to seize 14 items of Adair's non-exempt property, including certain furniture, Adair's 2005 GMC Yukon, and Adair's large screen television.  (Doc. 206.)

On May 11, 2015, Jamali appeared for the continued judgment debtor exam. (Doc. 222.)  However, Adair failed to appear and did not file an objection or otherwise request to reschedule the exam. Jamali represented to the Court during the May 11, 2015 hearing that he served Adair with the Court's April 8, 2015 Order by certified mail at

Adair's address registered with the State Bar.

On May 14, 2015, this Court set an Order to Show Cause hearing regarding Adair's failure to appear.  (Doc. 226.)  On May 29, 2015, Judge Boyle held the Show Cause Hearing.  (Doc. 230.)  During the hearing, Judge Boyle imposed sanctions against Adair on behalf of Jamali in the amount of $15.00, which represents the costs Jamali incurred due to Adair's failure to appear at the May 11, 2015 judgment debtor exam.  Adair also provided Jamali certain documents during the hearing.  Judge Boyle reset the judgment debtor exam for June 18, 2015.

On June 18, 2015, both Jamali and Adair appeared for the judgment debtor exam.  (Doc. 234.)  During the hearing, Jamali informed the Court that Adair refused to satisfy the judgment against him, and Jamali requested the Court order Adair to turn over certain property to satisfy the judgment, and to pay Jamali's attorneys' fees related to collection of the judgment.  Judge Boyle directed Jamali to file Motions containing these requests, and the Court would rule on them.

On June 19, 2015, Jamali filed a Motion to Add Collection Expenses to Default Judgment Against Adair, in which Jamali asserts that Adair refuses "to cooperate in settling the judgment against him in any manner."  (Doc. 235.)   Jamali asserts that because of Adair's conduct, he plans to retain a collection attorney to collect the judgment.  Jamali requests that the Court award him an additional $5,794 in attorney's fees, which Jamali anticipates he will owe his collection attorney for his or her work.  Also on June 19, 2015, Jamali filed a Motion to Order Judgment/Debtor to Turnover Property to the Plaintiff/Creditor, in which Jamali reiterates that Adair refuses to satisfy the judgment against him in any manner, and Jamali "has exhausted all options in order to try and help Adair with the settlement of the judgment," but Adair "has been uncooperative."  (Doc. 236.)  Jamali seeks an Order from the Court requiring Adair to turn over his "exempt GMC Yukon" and his "large screen television" to Jamali or, in the alternative, to the U.S. Marshal for sale at auction.  Adair has not responded to any of Jamali's pending Motions, and the time to do so has passed.  *See* LRCiv. 7.2(c).

## II.     Discussion

### a.  Jamali's Motion to Order a Property Seizure and Motion to Order Judgment/Debtor to Turnover Property

Enforcement of judgments is governed by Rule 69 of the Federal Rules of Civil Procedure.  Rule 69 provides the following:

**Rule 69.  Execution**

**(a) In General.**

**(1) Money Judgment; Applicable Procedure.**  A money judgment is enforced by a writ of execution, unless the court directs otherwise. The procedure on execution—and in proceedings supplementary to and in aid of judgment or execution—must accord with the procedure of the state where the court is located, but a federal statute governs to the extent it applies.

Arizona Revised Statutes §§ 12-1551, *et seq.*, set forth procedures for the enforcement of judgments under Arizona law, including the issuance of writs of execution.  Pursuant to A.R.S. § 12-1551, "[t]he party in whose favor a judgment is given, at any time within five years after entry of the judgment and within five years after any renewal of the judgment either by affidavit or by an action brought on it, may have a writ of execution or other process issued for its enforcement."  Such a party may seek a general or specific writ of execution.  *See* A.R.S. § 12-1552.  Further, pursuant to § 12-1558, "[a]ll property, real and personal, not exempt by law, and all property and rights of property seized and held under attachment or garnishment in an action, are liable to execution."

On September 29, 2014, Jamali sought a Writ of Execution regarding the default judgment against Adair, which the Clerk issued.   (Doc. 157.)   However, Jamali's Application, filed prior to any of the judgment debtor exams of Adair, does not seek the seizure and/or sale of specific property belonging to Adair.  Jamali's pending Motions list specific property he requests the U.S. Marshal seize.   In light of the judgment entered against Adair and the relevant legal authority discussed above, this Court recommends that Jamali's Motions for Orders seizing Adair's property be construed as applications for writs of execution, that the Motions be granted, and that the Court order Jamali to file a proposed writ of execution for the Clerk of Court's signature.

- 4 -

### b.  Jamali's Motion for Attorneys' Fees

Jamali also requests the Court add to the default judgment it entered against Adair an award of attorney's fees in the amount of $5,794.  (Doc. 235.)  Jamali asserts the requested award represents fees for a collection attorney he anticipates having to retain due to Adair's failure to satisfy the default judgment.

To the extent Jamali seeks an award of fees as the prevailing party in the underlying action against Adair, this Court recommends that Jamali's Motion for fees be denied.  Rule 54(d)(2)(B) of the Federal Rules of Civil Procedure, which governs requests for attorneys' fees based on a judgment, requires that Motions for fees be filed within 14 days of the entry of judgment.  Jamali filed his Motion for fees on June 19, 2015—over one year after the entry of default judgment against Adair and well after the deadline in Rule 54(d)(2)(B).

Further, Jamali fails to identify any basis in federal or state law for an award of attorneys' fees related to collection of his debt against Adair.  To the extent Jamali seeks an award of attorneys' fees as a sanction pursuant to the Court's inherent authority, this Court recommends Jamali's request be denied.  District courts may sanction a party for "willful disobedience" or when a party has acted in "bad faith" during litigation.  *See Fink v. Gomez*, 239 F.3d 989, 991-92, 994 (9th Cir. 2001) (quoting *Roadway Express, Inc. v. Piper*, 447 U.S. 752, 766 (1980)); *see also Zambrano v. City of Tustin*, 885 F.2d 1473, 1479 (9th Cir. 1989) ("To insure that restraint is properly exercised, we have routinely insisted upon a finding of bad faith before sanctions may be imposed under the court's inherent power.").

This Court does not find at this time that Adair's failure to pay the judgment is sufficient to warrant an award of fees related to Jamali's collection of the judgment.  Additionally, it appears that the amount of fees Jamali seeks to recover is speculative.  If Jamali obtains a writ of execution regarding Adair's property, and the proceeds from the sale of any such property, the full (or any) assistance of a collection attorney may not be necessary.  For these reasons, the Court recommends that Jamali's Motion to Add

Collection Expenses to Default Judgment Against Adair (Doc. 235) be denied.

Accordingly,

**IT IS RECOMMENDED** that Jamali's Motion to Order a Property Seizure to Satisfy a Default Judgment (Doc. 206) and Motion to Order Judgment/Debtor to Turnover Property (Doc. 236) be granted, and the Court order Jamali to file a proposed writ of execution for the Clerk of Court's signature.

**IT IS FURTHER RECOMMENDED** that Jamali's Motion to Add Collection to Default Judgment (Doc. 235) be denied.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment. The parties shall have 14 days from the date of service of a copy of this Report and Recommendation within which to file specific written objections with the Court. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(b) and 72. Thereafter, the parties have 14 days within which to file a response to the objections.

Failure to timely file objections to the Magistrate Judge's Report and Recommendation may result in the acceptance of the Report and Recommendation by the district court without further review.  *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003).  Failure to timely file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to appellate review of the findings of fact in an order of judgment entered pursuant to the Magistrate Judge's Report and Recommendation.  *See* Fed. R. Civ. P. 72.

**IT IS ORDERED** that the Clerk of the Court shall mail a copy of this Report and

///

///

///

///

///

Recommendation to Marc Adair at his address in the State Bar Directory:

**Adair Law Group LLC**
2942 N 24th St Ste 114
Phoenix, AZ 85016-7849

Dated this 8th day of September, 2015.

Honorable John Z. Boyle
United States Magistrate Judge